UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOE HAND PROMOTIONS, INC.                                                                    PLAINTIFF

v.                                                                                                    3:14-CV-86-CRS

RAFAEL HERNANDEZ, et al.                                                                 DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the court for consideration of the motion of the plaintiff, Joe Hand Promotions, Inc. ("Joe Hand"), to alter or amend the judgment entered by the court in this case (DN 37), and a request that the court determine reasonable attorneys' fees and costs (DN 38). These matters will be addressed seriatim.

I.  Motion to Alter or Amend Judgment

Citing *Gencorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999), Joe Hand recognizes that a motion to alter or amend judgment may be granted where there is "a clear error of law,…newly discovered evidence,…an intervening change in controlling law,…or to prevent manifest injustice."

Joe Hand notes that it failed to file an affidavit of Joe Hand, Jr. which it received after the filing of their motion for default judgment, but prior to the court's ruling. This item is not newly discovered evidence. Joe Hand does not, in fact, suggest that it is newly discovered, but rather that it inadvertently failed to file the affidavit.

Joe Hand does not contend that the court committed a clear error of law. It acknowledges that the award of $1,000 is the statutory minimum award under 47 U.S.C. § 605(e)(3)(C)(i)(II). The court, in its discretion, did not enhance damages under § 605(e)(C)(3)(ii) for the reasons stated in the memorandum opinion entered February 8, 2016. DN 34.

Joe Hand does not assert that there has been an intervening change in controlling law.

Simply, Joe Hand argues that a $1,000 award with no enhancement fails to provide a sufficient deterrent effect to meet the policy considerations behind the statute. Joe Hand has made repeated requests for enormous damages against offenders in this district (in this case, $10,000 plus $100,000 enhanced damages sought in its original motion and urged by Joe Hand Jr. in his affidavit). The court recognizes that the statutes authorize sizeable damage awards in appropriate cases. However, there is a complete lack of information offered to the court concerning the entities which Joe Hand hopes to "deter" from future acts of piracy. Such motions recite select cases, many from other jurisdictions, including the case of *Kingston Pay-Per-View, Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) which, notably, states that "The range in the statutory award might allow for a sanction that deters but does not destroy." The problem in this case is that the information brought before this court could not possibly justify such a large award. Here, Joe Hand indicated that the restaurant capacity was 120. However, the investigator performed a "head count" three times while on the premises on the night of the violation and noted the presence of 9 to no more than 14 patrons on each count. In the front of the store, he observed one 27" television, with a satellite box connected to it, displaying the broadcast. Yet Joe Hand seeks a $110,000 award. Its motion to alter or amend does not seek a specific amount, but, citing *Lake Alice Bar,* suggests that a "low five figure

judgment" would be appropriate. Joe Hand Jr., however, continues to demand in his affidavit lately submitted the maximum statutory damages and enhanced damages. DN 37-2, pp. 5, 7.

Generalities and selective cases which have not been shown to have any realistic relationship to the particular defendants against whom the legal attack has been mounted are unhelpful to the court in fashioning an appropriate award that "deters but does not destroy." *Id.* The absence of an opponent swinging back against Joe Hand in the legal ring offers no justification for the imposition of an arbitrary and exorbitant damage award in the name of "deterrence."

In truth, a number of the entities which have been brought before this court are out of business, Habana Blues Tapas Restaurant 2 LLC included, leaving Joe Hand to pursue, where it can, any remaining assets and/or the individual former owners to pay the damage award. In this case, individual liability has been imposed, and two of the Members are jointly and severally liable with Habana Blues for any damages. The defunct entity clearly will not be offending again. In most cases, Joe Hand stands unopposed on liability and damages. That is all the more reason for the court to carefully review the filings and ensure that justice is done in these cases.

Joe Hand's argument is based wholly in generalities about the pervasive problem of commercial piracy. It urges that this court's awards in this and prior cases are "too insignificant to address the pervasive problem of commercial piracy." Not one case which has come before this judge involved advertising to promote a pirated broadcast, a cover charge, food sales in connection with a broadcast, or a significant number of patrons in a given venue – all indicia that the entity is "clearly profiting" from the unlicensed broadcast, as was found in *Joe Hand Promotions, Inc. v. Young*, No. 5:09CV-157-R. Joe Hand Jr. urges in his affidavit that such actions are often avoided as they tend to draw attention to the piracy. This may be true.

However, an award of statutory damages addresses the employment of "signals which do not descramble spontaneously." Enhancing damages for willfulness requires a showing that the pirate took action for commercial advantage or private financial gain. No facts or argument to this effect have been offered to support of a demand for enhanced damages in this case. Whatever the merit of the "deterrent effect" argument generally, this court is tasked with imposing an *appropriate* damage award *in the particular case* before it. This court carefully reviewed the matter, reviewed other awards and the grounds therefore, and rendered an award that it found appropriate under the facts of the case. Upon reconsideration, the court again concludes that an award of $1,000 is sufficient under the circumstances of this case. The motion to alter or amend the judgment will therefore be denied.

## II. Reasonable Attorneys' Fees and Costs

The firm of Greene & Cooper, LLP, filed an affidavit setting forth its hourly rate of $175.00 and its expended sum of $640.00 in costs for filing and service. It also submitted a billing statement for the Habana Blues case which shows itemized billings totaling a fee of $2,992.50 for 17.1 hours of work. The court finds that the billing documentation sufficiently identifies the work required in this matter and that the total attorneys' fee is within the range of reasonable fees awarded by this court in prior cases.[1]

Therefore, motions having been made and the court being otherwise sufficiently advised,
**IT IS HEREBY ORDERED AND ADJUDGED** that:

---

[1] *See*, 3:10CV-730-CRS ($1830 atty. fee/$965 costs); 3:10CV-732-CRS ($2100 atty. fee/$450 costs); 3:08CV-600-CRS ($2800 atty. fee).

(1)  The motion of the plaintiff, Joe Hand Promotions, Inc., to alter or amend judgment (DN 37) is **DENIED.**

(2)  The court having previously awarded the plaintiff, Joe Hand Promotions, Inc., reasonable attorneys' fees and costs in an amount to be determined, pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), find that an award $3,632.50, consisting of attorneys' fees of $2,992.50 plus costs of $640.00, is reasonable. A supplemental judgment will be entered reflecting the amount of this award.

**IT IS SO ORDERED.**

April 13, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**

5